142 So.2d 718

**O. B. BRIGHT**

v.

**Minnie FIELDS et al.**

4 Div. 95.

Supreme Court of Alabama.

May 10, 1962.

Rehearing Denied June 28, 1962.

J. Hubert Farmer, Dothan, for appellant.

Chas. L. Woods and Chas. O. Stokes, Ozark, for appellees.

COLEMAN, Justice.

This is an appeal, by one respondent, O. B. Bright, from three decrees which or-dered a sale of land for division of the proceeds among those who own the land as tenants in common. One of the de-crees found that appellant owned merely an undivided interest, and not a life in-terest in the whole as he claims.

Complainants and respondents together constitute all the owners of the land. There are two respondents.

Complainants filed the bill seeking a sale for division and appellant filed his answer which he asserts is a cross bill. In the answer appellant alleges that he is in lawful possession and that he is entitled to such possession without the payment of rent so long as he shall live. He further alleges that his right to possession is based, not merely upon his being one of the ten-ants in common, but that by the terms of a written instrument allegedly executed by all of the other tenants in common, the ap-pellant is entitled to possession "rent free so long as he shall live."

The instrument under which appellant claims recites as follows:

"State of Alabama
County of Dale

"Ozark, Alabama
December 18, 1954

"TO WHOM IT MAY CONCERN:

"We the undersigned hereby release O. B. Bright from the payment of any rents for the use of the farm known as the J. W. Bright estate. This farm is located seven miles north of Midland City in the Corinth community. This release is for the crop year 1955. *and as long as he Lives*

| "J W Miller | /s/ Bascom Bright |
|---|---|
| witness J of. P. | Bascom Bright |
| "        " | /s/ Esther Andrews |
| witness | Esther Andrews |
| "        " | /s/ Minnie Fields |
| witness | Minnie Fields |
| "        " | /s/ Robert Walding |
| witness | Robert Walding |

| witness | /s/ Edna Wright |
| --- | --- |
| | Edna Wright |
| witness | /s/ Crawford A. Bright |
| | Crowford Bright |
| " " witness | /s/ John H. Bright |
| | John Bright |
| " " witness | /s/ Leamon Bright |
| | Leamon Bright |

"(SEAL)   J. W. MILLER, JUSTICE OF
THE PEACE,
DALE COUNTY, ALABAMA"
(Emphasis Supplied.)

The original instrument has been certified to us. The instrument is typewritten except for the signatures and the words, "and as long as he Lives," which are written in longhand. The date was originally typewritten but the numerals, "18," have been written in longhand over the date which was originally typed on the paper.

Appellant states his contention as follows:

"The three assignments of error on the part of appellant all have to do with and essentially turn on a single question;

"Does appellant, O. B. Bright have or is he entitled to a life estate or life tenancy in and to the lands involved in this suit, under the provisions of the written agreement executed and delivered to him by the other tenants in common and designated as his Exhibit #1, to the testimony taken in the lower Court?"

The trial court found against appellant's contention. The evidence was heard ore tenus. Laying to one side the possible insufficiency of the instrument, on which appellant relies, because of its failure to recite the consideration therefor and the possible failure to have the same attested or acknowledged, the contention of appellant on this appeal presents merely an issue of fact.

The testimony is in conflict as to whether or not the words "and as long as he Lives" were written on the instrument before it was signed. The appellant and J. W. Miller, and certain other witnesses, testified that the words were written on the instrument before it was signed by any of the parties thereto. On the other hand, Bascom Bright, Esther Andrews, Minnie Fields, and John H. Bright testified that the words "and as long as he Lives" were not written on the paper at the time they signed it.

An issue of fact was thus presented to the trial court. The decree expresses the opinion " * * * that the claim asserted by the said O. B. Bright, under the instrument in writing, introduced in evidence in this cause, does not constitute nor transfer to the said O. B. Bright a life estate, nor does it entitle him to the right of possession of the real property so long as he shall live on a rent free basis. * * *."

We are of opinion that the opinion of the trial court, to effect that appellant did not take a life estate by the instrument, can rest on a finding that the words, "and as long as he Lives," were not part of the instrument when it was signed, and further, that such a finding is adequately supported by the evidence.

Appellant appears to make some argument that the alleged agreement for him to occupy the whole parcel, rent free, could rest in parol. Whether this argument be sound or not we need not decide, because the evidence supports a finding that no such parol agreement existed.

Under the well-established rule of review that we will not disturb the findings of the chancellor made on testimony heard ore tenus unless such findings be palpably wrong, we are of opinion that the decrees appealed from are due to be affirmed.

Affirmed.

SIMPSON, GOODWYN, and MERRILL, JJ., concur.